IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| BRIAN G. OATMAN, § | |
| No. 2097131 § | |
|     Plaintiff, § | |
| § | |
| V. § | NO.7:22-CV-101-O |
| § | |
| KYLE W. BURROSS, § | |
|  ET AL., § | |
|     Defendants. § | |

**ORDER RE CORRESPONDENCE**

Plaintiff, Brian G. Oatman, filed a civil rights complaint naming Kyle W. Burross, Carl H. Schiwart, and "unidentified assault team" as Defendants. ECF No. 1. By order signed February 17, 2023, the Court ordered Plaintiff to complete and file a questionnaire to provide further information regarding the claims he was asserting so that the Court could undertake the screening process required by 28 U.S.C. §§ 1915(e)(2) and 1915A(a). ECF No. 7. The order cautioned that failure to comply might result in the dismissal of Plaintiff's claims without further notice. Plaintiff failed to respond to the order, although he did file a motion to appoint counsel and issue restraining order, ECF No. 8, which the Court denied. ECF No. 9. By order of dismissal and final judgment signed March 27, 2023, ECF Nos. 10 & 11, the Court dismissed Plaintiff's claims for want of prosecution. The Court has now received correspondence from Plaintiff alleging that he did not receive the order to replead until April. ECF No. 12. Nevertheless, he has not answered and returned the questionnaire. He simply says that Burros was the leader of the unidentified assault team and that Schiwart was the supervisor. Of course, the doctrine of *respondeat superior* does not apply to a § 1983 action. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Moreover, even had he provided facts to show how each Defendant participated in the

event alleged, to establish a constitutional violation, a plaintiff must demonstrate that the deprivation alleged was sufficiently serious, i.e., deprived him of the minimal civilized measure of life's necessities, and that the prison official possessed a sufficiently culpable state of mind, i.e., the official acted with deliberate indifference to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). Here, papers Plaintiff attached to his complaint reflect that he did not suffer any harm. ECF No. 1 at 12. Thus, even if the Court were to interpret Plaintiff's correspondence as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure, there would be no basis for granting relief. To the extent Plaintiff now complains about the taking of his property, the Court notes that because Texas has adequate post-deprivation state remedies for the confiscation of prisoner property, a prisoner may not pursue his claim for deprivation of property in a § 1983 action. *Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994). To the extent he is claiming that he is being denied access to the courts, Plaintiff is free to file another lawsuit after he has exhausted his administrative remedies.

**SO ORDERED** this **2nd day** of **May, 2023**.

_(signature)_
Reed O'Connor
UNITED STATES DISTRICT JUDGE